UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRYAN HUMPHREY<br><br>    Plaintiff<br><br>vs.<br><br>CONTINENTAL SERVICE GROUP, INC.<br>d/b/a<br>CONSERVE<br><br>    Defendant | ECF Case:<br><br>Case Number:<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Bryan Humphrey, by and through his undersigned counsel, Bruce K. Warren of Warren & Vullings, LLP complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Bryan Humphrey, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that Defendant maintains a primary place of business in this district.

### III. PARTIES

4. Plaintiff, Bryan Humphrey, is an adult natural person residing at 2700 W Pensacola Street, Apt 1221, Tallahassee, FL 32304. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Continental Service Group, Inc. d/b/a Conserve, at all times relevant hereto, is and was a corporation engaged in the business of collecting debt in the State of Florida and the State of New York, with a primary place of business located at 200 Cross Keys Office Park, Fairport, NY 14450-0007.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Plaintiff made routine monthly payments of ranging from $150.00 to $500.00 on a student loan debt to Defendant from December 2010 to May 2011.

8. The aforementioned payments were automatically debited from Plaintiff's bank account on the 20th day of every month.

9. On or around June 27, 2011 Plaintiff received a phone call from "Scott," an agent of Defendant, who attempted to coerce Plaintiff into increasing his monthly payments.

10. "Scott" told Plaintiff, "Your credit score is really good, you can pay more than $150.00 per month."

11. "Scott" continued to badger Plaintiff during the phone call although no payment arrangement was made that reflected an increased payment amount.

12. On or around June 28, 2011 during a phone call placed to his home, Plaintiff informed "Scott" that he could no longer make monthly payments due to financial constraints.

13. "Scott" immediately threatened Plaintiff with a lawsuit, which prompted Plaintiff to ask "Scott" if he should retain an attorney.

14. "Scott" stated, "We would rather deal with an attorney because then we could get more than $500.00 per month."

15. Scott then asked, "Have you ever been sued?"

16. Plaintiff has never received written correspondence from Defendant that notified him of his right to dispute the validity of the debt if he so chose.

17. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of Plaintiff herein.

20. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

21. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I – FDCPA
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

| | | |
|---|---|---|
| § 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| § 1692e(2): | Character, amount, or legal status of the alleged debt |
| § 1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, Conserve for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                             **Respectfully submitted,**

                                                             **WARREN & VULLINGS, LLP**

**Date: July 26, 2011**                           **BY:** _____
                                                             Bruce K. Warren, Esquire

                                                             Warren & Vullings, LLP
                                                             93 Old York Road, Suite 333
                                                             Jenkintown, PA  19046
                                                             215-745-9800   Fax 215-745-7880
                                                             bkw@w-vlaw.com
                                                             Attorney for Plaintiff